It is hereby ordered that the case is held, the decision is reserved and the matter is remitted to Steuben County Court for further proceedings in accordance with the following Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of criminal sexual act in the second degree (Penal Law § 130.45 [1]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of attempted rape in the second degree (§§ 110.00, 130.30 [1]). In both appeals, defendant contends, inter alia, that County Court abused its discretion in failing to adjudicate him a youthful offender. Defendant, an apparently eligible youth (see CPL 720.10 [2]), pleaded guilty pursuant to a plea bargain that provided, among other things, that he would be sentenced to concurrent terms of probation if he successfully completed a period of interim probation, but would be sentenced to a term of incarceration in state prison with a term of postrelease supervision if he did not. Defendant was released on his own recognizance, subject to the terms of the interim probation. The court subsequently determined, after a hearing, that defendant had violated the terms of his interim probation and sentenced him to a term of incarceration in state prison, without determining whether defendant would be granted youthful offender status.
“Upon conviction of an eligible youth, the court must order a [presentence] investigation of the defendant. After receipt of a written report of the investigation and at the time of pronouncing sentence the court must determine whether or not the eligible youth is a youthful offender” (CPL 720.20 [1]). The Court of Appeals has concluded that, by the use of the word *1064 “must,” the legislature has made “a policy choice that there be a youthful offender determination in every case where the defendant is eligible, even where the defendant fails to request it, or agrees to forgo it as part of a plea bargain” (People v Rudolph, 21 NY3d 497, 501 [2013]). “[W]e cannot deem the court’s failure to rule on the . . . [issue] as a denial thereof” (People v Spratley, 96 AD3d 1420, 1421 [2012], following remittal 103 AD3d 1211 [2012], lv denied 21 NY3d 1020 [2013]; see People v Ingram, 18 NY3d 948, 949 [2012]; People v Chattley, 89 AD3d 1557, 1558 [2011]). We therefore hold the case, reserve decision, and remit the matter to County Court to make and state for the record “a determination of whether defendant is a youthful offender” (Rudolph, 21 NY3d at 503).
All concur except Whalen, J., who dissents and votes to affirm in the following memorandum.